IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:12CR174

EDDIE RALPH ARTIS, JR.

## MEMORANDUM OPINION

Eddie Ralph Artis, Jr., a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 36). The Government has responded, asserting, inter alia, that Artis's § 2255 Motion is untimely filed. (ECF No. 43.) For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

## I. PROCEDURAL HISTORY

On October 12, 2012, a Criminal Complaint was filed, charging Artis with one count of distribution of a mixture and substance containing a detectable amount of cocaine base. (Criminal Complaint 1, ECF No. 1.) On November 7, 2012, a grand jury returned a one-count Indictment against Artis, charging him with the same crime. (Indictment 1, ECF No. 6.) On December 17, 2012, a grand jury returned a Superseding Indictment against Artis, charging him with one count of conspiracy to distribute and possess with intent to distribute more than 280 grams of cocaine base (Count One); four counts of distribution of cocaine

base (Counts Two, Three, Four, and Five); one count of maintaining a drug-involved premises (Count Six); one count of possession of a firearm in furtherance of a drug trafficking crime (Count Seven); one count of possession of a firearm with an obliterated serial number (Count Eight); and one count of possession of a firearm by a prohibited person (Count Nine). (Superseding Indictment 1-4, ECF No. 9.)

On March 4, 2013, the Government filed a Criminal Information against Artis, charging him with one count of conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base. (Criminal Information 1, ECF No. 15.) On March 4, 2013, Artis pled guilty to the one count contained in the Criminal Information. (Plea Agreement ¶ 1, ECF No. 19.) On June 11, 2013, the Court entered judgment against Artis and sentenced him to 156 months of imprisonment. (J. 2, ECF No. 33.) The Court also granted the Government's motion to dismiss the Indictment and Superseding Indictment as to Artis. (Id. at 1.) Artis did not appeal.

On February 2, 2015, Artis placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 11.)[1] The Court deems the § 2255 Motion filed as of that

---

[1] The Court utilizes the pagination assigned to Artis's submissions by the CM/ECF docketing system. The Court corrects the spelling in quotations from Artis's submissions.

2

date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Artis raises the following claims:

Claim One: "Defense counsel was ineffective for failing to challenge the sufficiency of the search warrant." (§ 2255 Mot. 4.)

Claim Two: "Defense counsel was ineffective for failing to negotiate a favorable plea deal for Petitioner." (Id. at 5.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

Because Artis did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Tuesday, June 25, 2013, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Artis had until Wednesday, June 25, 2014 to file any motion under 28 U.S.C. § 2255. Because Artis did not file his § 2255 Motion until February 2, 2015, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

### B. Equitable Tolling

Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544

U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In his § 2255 Motion, Artis contends that "the doctrine of equitable tolling should be utilized to permit this filing to be decided on the merits." (§ 2255 Mot. 10.) Artis asserts that after he was sentenced, he

> believed this defense counsel attorney Jackson would continue fighting for Petitioner's freedom by filing a direct appeal. Only recently did Petitioner learn that no direct appeal was ever filed in the instant case and by that time Petitioner's one-year time limitation under the AEDPA had expired. Petitioner did not learn of this situation until approximately 60 days before the filing of the instant petition. At that time, Petitioner (who is a layman and completely unskilled in federal criminal jurisprudence) began the massive undertaking of researching, drafting, and formulating the instant 2255 habeas petition, which clearly identifies several meritorious grounds for relief.

(Mem. Supp. § 2255 Mot. 13, ECF No. 37.) Artis claims that "[c]learly, through no fault of Petitioner's he was prevented from filing a timely action in this matter." (Id.) Artis apparently argues that ineffective assistance of trial counsel caused his tardy filing.

Ineffective assistance, however, even if shown, rarely provides a basis for equitable tolling. See Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) (citing Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002)). As an initial matter, under his Plea Agreement, Artis waived his right to appeal his conviction and any sentence imposed within the statutory maximum "on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever." (Plea Agreement ¶ 6.) Thus, Artis knew his counsel would not file an appeal. Artis also never indicates that he specifically asked counsel to note an appeal. Because of Artis's waiver of his appellate rights, his assertion that he believed that counsel would file an appeal is patently incredible.

In any event, Artis fails to show that he has been diligently pursuing his rights since his conviction became final on June 23, 2013. Whether due diligence has been exercised is a fact-specific inquiry unique to each case. Wims v. United States, 225 F.3d 186, 190-91 (2d Cir. 2000). "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (citation omitted). Due diligence, however, "at least require[s] that a prisoner make reasonable efforts to discover

6

the facts supporting his claims." Id. (emphasis in original) (citation omitted).

To the extent that Artis vaguely argues that he thought counsel would pursue an appeal, it was incumbent upon him to demonstrate that he diligently followed up with his attorney regarding the status of that appeal. See El-Abdu'llah v. Dir., Va. Dep't of Corr., No. 3:07CV494, 2008 WL 2329714, at *2-3 (E.D. Va. June 4, 2008). Here, Artis fails to provide any specific evidence reflecting that he diligently followed up on any appeal request by contacting either counsel of the United States Court of Appeals for the Fourth Circuit regarding the status of his appeal.

Moreover, counsel's failure to pursue an appeal was discoverable as of June 16, 2013, the day after Artis's time to appeal had expired, when it became part of the public record. Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003); see Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008). Although Artis could have discovered counsel's failure to file an appeal by that date, "to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal." Granger v. Hurt, 90 F. App'x 97, 100 (6th Cir. 2004) (citing Wims, 225 F.3d at 190 n.4). While no "magic number" exists for the time afforded a reasonable prisoner to

7

discover an appeal has not been filed, a petitioner must offer some evidence that he acted with due diligence. See Ryan v. United States, 657 F.3d 604, 607-08 (7th Cir. 2011) (finding that a "reasonable prisoner may take at least two months . . . to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion"); Granger, 90 F. App'x at 100 (finding petitioner acted with due diligence when two-month-delayed discovery claim was supported by dated letter from attorney and various state court filings seeking to perfect direct appeal).

Nonetheless, under the present facts, a petitioner acting with reasonable diligence would have discovered that no appeal had been filed, at the latest, within a few months of when his judgment became final. See, e.g., Moore v. United States, 438 F. App'x 445, 450 (6th Cir. 2011) (holding that petitioner was not entitled to equitable tolling because he did not exercise due diligence "in the first ten weeks after the appeals deadline expired" to discover that counsel had not filed an appeal); Speller v. Johnson, No. 3:09CV463, 2012 WL 1038624, at *10 (E.D. Va. Mar. 27, 2012) (citation omitted) (holding that, because of counsel's silence regarding the status of petitioner's appeal, "due diligence required that [petitioner] follow up with counsel or the Virginia Beach Circuit Court at least within four months

8

following [petitioner']s initial request that counsel file an appeal"); United States v. Crawley, No. 3:07CR488, 2012 WL 32402, at *3 (E.D. Va. Jan. 5, 2012) (holding that petitioner who failed to allege any facts suggesting that he diligently followed up on an appeal request should have known that no appeal was filed within four months). Artis has provided no explanation for why he did not discover that an appeal had not been filed until approximately sixty days before he filed his § 2255 Motion, and approximately 163 days after the limitation period ran. "Simply put, [Artis] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." O'Neill v. Dir., Va. Dep't of Corr, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011) (alteration in original). Accordingly, Artis lacks entitlement to equitable tolling. Thus, Artis has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[2]

---

[2] Although Artis does not argue it, he also lacks entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(4) for the same reasons stated above. Neither Artis nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)-(3).

## III. CONCLUSION

For the foregoing reasons, Artis's § 2255 Motion (ECF No. 36) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Artis and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: September 14, 2016
Richmond, Virginia